

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2005

# Claiborne v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1589

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Claiborne v. Comm Social Security" (2005). *2005 Decisions.* Paper 138.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/138

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1589
_____

STANLEY CLAIBORNE,

*Appellant*

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 03-cv-00188)
District Judge: Honorable Joseph A. Greenaway, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2005
Before: ROTH, FUENTES and BECKER, *Circuit Judges*

(Filed: December 8, 2005 )
_____

OPINION
_____

BECKER, *Circuit Judge*.

Stanley Claiborne, who sought Social Security total disability benefits on account

of cardiovascular and back problems, appeals from the District Court's grant of summary

judgment to the Commissioner of Social Security, who had upheld the decision of an Administrative Law Judge (ALJ) denying relief to Claiborne. We affirm. Because the parties are familiar with the background facts and procedural history, we need not set them forth, and limit our discussion to our *ratio decidendi.*

The ALJ found that, although Claiborne's cardiac and back disorders were severe impairments, he did not have an impairment that met the requirements of any impairment listed in Appendix 1 of 20 C.F.R., Part 404, Subpart P ("Listing of Impairments"). The ALJ further found that Claiborne retained the residual functional capacity for light work, and could return to his past relevant work. At step five of the Commissioner's sequential evaluation process, the ALJ considered Claiborne's residual functional capacity for light work, his age, education and past relevant work experience. Relying upon Medical-Vocational Rule 202.18, set forth at 20 C.F.R., Part 404, Subpart P, Appendix 2, he concluded that Claiborne was capable of performing other work in the national economy and thus was not under a disability within the meaning of the Social Security Act.

The District Court concluded that the ALJ properly relied on evidence from Claiborne's treating physicians and properly weighed the medical evidence in the entire record. It found that the ALJ's explanation of his determination at step three of the sequential evaluation (the "listings") was adequate and supported by both the objective medical evidence and by the finding that Claiborne's subjective complaints of pain were not credible to the disabling extent alleged. In sum, the District Court held that the ALJ's

2

finding that Claiborne's residual functional capacity was consistent with light work was supported by the medical evidence and Claiborne's own testimony.

Claiborne raises several issues on appeal. First and foremost, he contends that the ALJ's report is flawed because it failed to identify which listing he did not meet. While the ALJ's explication of his rationale with respect to the listings is not carefully parsed, his discussion of the medical evidence, which is adequate, supports his conclusion about the listings. Claiborne has not pointed to any evidence that he in fact met any listing, much less identify which listing he may have met. At all events, Claiborne clearly does not meet *any* of the relevant listings, essentially mooting the issue.

Second, Claiborne challenges the ALJ's determination as to what light work jobs he could perform, contending that it was impermissibly vague and that the ALJ "literally invented a past job for the claimant." We are unpersuaded, agreeing with the District Court that the ALJ's findings were sufficient, and supported by the record. More specifically, in concluding that Claiborne could perform light work, the ALJ properly relied upon Claiborne's own testimony and the opinions of Dr. Arthur Millman, Dr. Pearl Korenblit, the state agency physicians, and Dr. Donald Peyser. Claiborne remonstrates at the ALJ's crediting of these medical witnesses and the rejection of others, but that was within his purview, and his decisions in this area were reasoned.[1] Claiborne also asserts

---

[1]Although Dr. Peyser was a non-examining physician, his testimony was supported by, and consistent with, the opinion of Dr. Millman (also a cardiologist), and with the record as a whole, which describes cardiac catheterizations, Claiborne's visits to Dr. Millman, and several emergency room visits for his cardiac condition.

that the ALJ did not recite all the probative evidence which supports or rejects his findings. Our cases do not require an ALJ to do so; we do not grade ALJ opinions; rather we look to see if they are supported by substantial evidence. This one is.

We do not gainsay that Claiborne was afflicted with cardiovascular and orthopaedic problems. However, the medical evidence relied on by the ALJ was sufficient to support the ALJ's conclusion that Claiborne could perform work that exists in the national economy.[2]

The judgment of the District Court will be affirmed.

---

[2]Claiborne also had an ulcer and at times may have suffered from depression, but neither condition was developed as a possible cause of disability.